Per Curiam.

There was no basis for vacating the arbitration award. The submission was without limitation and the procedure of the arbitrators was in accordance with law. The so-called stipulation, as to the character and terms of which there is much conflict in the papers, was evidently in lieu of the testimony that would be given by a named witness. This “stipulation” did not limit the right of the arbitrators to fix damages as they found them. They determined that the merchandise was defective, and allowed the purchaser seven cents a yard, or a total of $2,800, which was to be deducted from the purchase price.
It is said, however, that the “stipulation” contained a provision that the award was to be subject to audit of the purchaser’s books in the event that the arbitrators found in favor of the purchaser. The arbitrators made no audit and were never called upon to make one. We cannot assume that the parties placed a limitation on the powers of the arbitrators which was calculated to destroy the effectiveness of the arbitration. The arbitrators did not consider that they were so limited when they made their award. Moreover, several months went by after the award without any claim by the seller that such an audit was required. The limitation upon the powers of the arbitrators, as claimed by the seller, is not sustained by the record.
The order below vacating the arbitration award is reversed, the award is reinstated, and the motion to confirm is granted, with costs.
Dore, J. P., Cohn, Callahan, Yan Yoorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion to confirm the award granted and the award reinstated. Settle order on notice.